IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ERIC VON-RUSSELL MITCHEL,** § <br> **TDCJ No. 02035642,** § <br> § <br>     **Plaintiff,** § <br> § <br> v. § <br> § <br> **BARBARA BELL,** *et al.***,** § <br> § <br> § <br>     **Defendants.** § | Civil Action No. 4:19-cv-00048-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 3, 2019, United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management. ECF No. 7. Before the Court are Defendant Sherri Wagner's Motion to Dismiss and Brief in Support, ECF No. 12; Defendant Barbara Bell's Motion and Brief to Dismiss, ECF No. 14; Plaintiff's Motion and Brief of Answers in Support, ECF No. 24, and Motion for Leave to File and [sic] Amended Complaint, ECF No. 27, both filed in response to the Motions to Dismiss; and Defendants' Replies, ECF Nos. 25, 26, 28, and 29.

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' Motions to Dismiss, ECF Nos. 12 and 14; **DISMISS WITH PREJUDICE** Plaintiff's claims relating to his conviction or imprisonment because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), but permit Plaintiff to reassert them when the conditions under *Heck* are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam). Judge O'Connor should **DENY** Mitchel's Motion for Summary Judgment, ECF No. 24 at 16-23 and 33-40, and **DENY** his Motion for Leave to File and

[sic] Amended Complaint, ECF No. 27, to the extent it can be construed as a motion for leave to file an amended complaint and not as a mislabeled response to the motions to dismiss.

## BACKGROUND

Plaintiff Eric Von-Russell Mitchel ("Mitchel"), an inmate confined in the Hightower Unit of the Texas Department of Criminal Justice in Dayton, Texas, brings this action *pro se* pursuant to 42 U.S.C. § 1983. Mitchel filed his original complaint on January 14, 2019, against Barbara Bell ("Bell"), a police officer employed by the Mansfield Police Department, and Sherri Wagner ("Wagner"), an attorney formerly employed as an assistant district attorney in Tarrant County, Texas. Mitchel claims that he was wrongfully arrested on September 9, 2014, prosecuted for a crime that he did not commit, and convicted by a jury based upon no evidence. ECF No. 1. He asserts that these actions were founded on the accusations of a "scorn[ed] wife and rebellious teenager." *Id.* at 5. He claims that his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution were violated, and he seeks to recover $750,000.00 in actual damages, $80,000.00 in punitive damages, and $80,000.00 per year for the "three years of [his] life from been [sic] absent from society." *Id.* at 6. Wagner and Bell filed motions to dismiss, asserting that Mitchel's claims were an improper attack on his conviction and therefore were barred by *Heck*, were untimely under the two-year statute of limitations, and were barred by absolute, Eleventh Amendment, or qualified immunity.

## LEGAL STANDARD

I. **Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming*, 281 F.3d at 161 (citing *Hitt*, 561 F.2d at 608). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548 (N.D. Tex. 2014) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction").

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Id.* However, if the court determines that a plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

Courts generally grant leave to amend pleadings "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, "it is within the district court's discretion to deny a motion to amend if it is futile." *Avdeef v. Royal Bank of Scotland, PLC*, 616 F. App'x 665, 676 (5th Cir. 2015) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)). "Amendment is futile if the new complaint 'could not survive a motion to dismiss.'" *Id.* at 676 (citing *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, LP*, 620 F.3d 465, 468 (5th Cir. 2010)).

## II. 42 U.S.C. § 1983

"Section 1983 provides a claim against anyone who 'under color of any statute, ordinance, regulation, custom, or usage, of any State' violates another's constitutional rights." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied,* ___ U.S. ___, 134 S. Ct. 1935 (2014). "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

In considering motions to dismiss section 1983 claims against public officials, the Court must not accept conclusory allegations or unwarranted deductions of fact as true because a heightened pleading standard requires "claims of specific conduct and actions giving rise to a constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Thus, the issue now before the Court "is not whether [ ] plaintiff[s] will ultimately prevail but whether [they are]

entitled to offer evidence to support [their] claims." *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).

## ANALYSIS

**I.  Claims challenging Mitchel's conviction are barred by *Heck*.**

To the extent Mitchel seeks to challenge his criminal conviction, any such challenge must be dismissed unless he demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Dismissal pursuant to *Heck* should be with prejudice, precluding a plaintiff from reasserting such claims unless he can demonstrate that the *Heck* conditions have been satisfied. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27–28 (5th Cir. 1994).

Mitchel's claims against Wagner and Bell alleging that they violated his constitutional rights in connection with his arrest, prosecution, and current incarceration necessarily challenge his criminal conviction. He alleges that they wrongfully arrested and prosecuted him for a crime that he did not commit. To recover on those theories, he must challenge the validity of his criminal conviction. The record reflects that Mitchel was convicted by Tarrant County Criminal District Court Number Two of indecency with a child by contact by Judgment of Conviction by Court— Waiver of Jury Trial entered on November 24, 2015. ECF No. 24 at 111-13.  That court sentenced him to five years in the Institutional Division of the Texas Department of Criminal Justice. Mitchel remains in prison today, and thus he cannot allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal writ of habeas corpus. Therefore, his claims against the Wagner and Bell are barred by *Heck* and should be dismissed.

**II. Even if not *Heck*-barred, Mitchel's Claims Fail as a Matter of Law.**

    **A. Mitchel's suit is barred by the two-year statute of limitations.**

There is no specific statute of limitations for § 1983 claims, and as a result the Supreme Court has instructed courts to look to the most analogous state statute of limitations. *Owens v. Okure*, 488 U.S. 235, 239–40 (1989). In Texas, this is the two-year personal-injury limitations period. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *see also* Tex. Civ. Prac. & Rem. Code § 16.003. The limitations period begins to run when the cause of action accrues, which is when the plaintiff knows or has sufficient information to know that he has suffered an injury. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002).

Mitchel filed his Complaint on January 14, 2019. ECF No. 1. Therefore, some act or omission of Wagner and Bell must have occurred after January 14, 2017, for Mitchel's § 1983 claim not to be barred by limitations. Mitchel has failed to allege any wrongful act that occurred within two years of the date of filing his Complaint. To the contrary, he states that the date and approximate time of the events giving rise to his claims occurred on September 9, 2014 at approximately 7:30 a.m. *Id.* at 4. He further alleges in the Complaint that he had served "three (3) COMPLETE CALENDAR YEARS" in prison. *Id.* at 5. As mentioned above, his Judgment of Conviction in the state court was entered on November 24, 2015. Consequently, Mitchel's claims against Wagner and Bell arose more than two years before he filed his Complaint and are barred by the statute of limitations.

In his response to the motions to dismiss, Mitchel asserts that his Complaint is not time-barred because the "continuing violations doctrine" applies. He cites *Huckabay v. Moore*, an employment discrimination case, for the proposition that "the continuing violation theory relieves a plaintiff of establishing that all of the complained-of conduct occurred within the actionable

period if the plaintiff can show a series of related acts, one or more of which falls within the limitations period…" 142 F.3d 233, 238 (5th Cir. 1998). Although the continuing violations doctrine might be applicable were this an employment discrimination case, the doctrine does not apply to § 1983 claims. *See Coffelt v. Davis*, 4:16-CV-933-A, 2016 WL 7235790, at *5 (N.D. Tex. Dec. 13, 2016); *Foddrill v. McManus*, No. SA-13-CV-00051-XR, 2013 WL 6198228, at *3 (W.D. Tex. Nov. 26, 2013). And even if the doctrine did apply to a case such as this one, Mitchel has not pleaded any "series of related acts" or any action by Bell or Wagner that occurred within two years of when he filed his Complaint. Consequently, his § 1983 claims should be dismissed under the two-year statute of limitations.

### B. Wagner is Entitled to Absolute Immunity and Eleventh Amendment Immunity from Mitchel's Claims.

Former Tarrant County prosecutor Wagner is entitled to absolute immunity from Mitchel's claims for monetary damages against her in her official capacity. As the Supreme Court has held, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Mitchel complains of Wagner's conduct in plea negotiations and generally refers to her actions at his criminal trial, but otherwise has stated no facts and made no allegations against her. Because her only involvement in his arrest and later trial was in her role as a prosecutor, his claims against her must be dismissed because she is entitled to absolute immunity from those claims. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (prosecutor absolutely immune from claim for malicious prosecution); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (absolute immunity applies to claim prosecutor knowingly offered perjured testimony).

Even if Wagner were not entitled to absolute prosecutorial immunity, she would be entitled to immunity under the Eleventh Amendment to the United States Constitution for claims against her in an official capacity. Under the Eleventh Amendment, states may not be sued in federal court unless they unequivocally consent to the suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). This immunity extends to state agencies and, if the relief sought would operate against the state, to state officials. *Id.* at 101. As a state prosecutor, Wagner is immune to the extent that she is sued in her official capacity. Texas district attorneys and their assistants are entitled to immunity under the Eleventh Amendment in suits against them in their official capacities for actions taken in handling a criminal prosecution such as this one. *Quinn v. Roach*, 326 F. App'x 280 (5th Cir. 2009).

There is an exception to immunity for suits challenging the constitutionality of a state official's action in enforcing state law. *Ex parte Young*, 209 U.S. 123 (1908). *Ex parte Young* allows only "prospective injunctive relief to prevent a continuing violation of federal law" and does not allow damages or other retrospective relief. *Green v. Mansour*, 474 U.S. 64, 68 (1985). Mitchel's Complaint does not request any form of prospective injunctive relief against Wagner, and thus the *Ex parte Young* exception does not apply. Accordingly, any of Mitchel's claims against Wagner in her official capacity also should be dismissed under the Eleventh Amendment.

**C.    Qualified Immunity Bars Claims against Wagner and Bell in their Individual Capacities.**

Wagner and Bell argue that they also are entitled to qualified immunity from Mitchel's claims against them in their individual capacities. "Qualified immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known."

8

*Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citations omitted). To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' [such] that every 'reasonable official would have understood that what he is doing violates that right.'" *Id.* at 731 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The Court may decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Here, Mitchel appears to allege a malicious prosecution or wrongful arrest claim against Wagner and Bell, arguing that they wrongfully caused his arrest, prosecution, and imprisonment. Because *Heck* bars Mitchel's claims that call into question his conviction, and his malicious prosecution and wrongful arrest claims clearly do, Wagner and Bell are entitled to qualified immunity on such claims. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). Consequently, to the extent that Mitchel's claims against them do not otherwise fail, Wagner and Bell are entitled to qualified immunity from his claims against them in their individual capacities arising from alleged malicious prosecution or wrongful arrest. Judge O'Connor should dismiss the suit against them on that basis.

### III. Mitchel's Motion for Leave to File and Motion for Summary Judgment should be Denied.

In response to the motions to dismiss, Mitchel filed a Motion and Brief of Answers in Support, ECF No. 24, and Motion for Leave to File and [sic] Amended Complaint, ECF No. 27. His 226-page filing under ECF No. 24 includes a Motion and Brief of Answers in Support, *Id.* at

6-14, and a Motion for Summary Judgment, *Id.* at 16-23. These pleadings are repeated at pages 24 through 40 of that same filing. The balance of the filing includes copies of various documents involving Mitchel's applications for habeas corpus and mandamus from the state courts. Mitchel's Motion for Leave to File and [sic] Amended Complaint appears to be a mislabeled response to the motions to dismiss. The Motion for Leave does not attach a proposed amended complaint or is otherwise in compliance with Local Civil Rule 15.1.

Wagner and Bell object to Mitchel's Motion for Summary Judgment and Motion to Amend as noncompliant with the Federal Rules of Civil Procedure and the Local Civil Rules of the Court. For the reasons previously stated, Judge O'Connor should grant the motions to dismiss. For those same reasons, Mitchel is not entitled to judgment as a matter of law, and his Motion for Summary Judgment contained within the Motion and Brief of Answers in Support, ECF No. 24, therefore should be denied under Federal Rule of Civil Procedure 56. Likewise, the Motion for Leave to Amend, to the extent it is construed as a proper motion under Federal Rule of Civil Procedure 15, should be denied. Mitchel's motion does not include a proposed amended complaint, but instead responds to the motions to dismiss and appears to the undersigned to be a mislabeled response, not a motion for leave to amend. To the extent the motion can be viewed as requesting leave to file an amended complaint, Judge O'Connor should deny it as futile. Any complaint that Mitchel could file against Wagner or Bell on account of his arrest, prosecution, and incarceration at issue would be futile and would not withstand a motion to dismiss for the reasons previously stated.

## IV.   Mitchel's Claims Should be Dismissed with Prejudice.

Normally, a *pro se* plaintiff is offered an opportunity to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). The Court affords Mitchel latitude in his pleadings as required by *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However,

Mitchel has pleaded his best, albeit legally deficient, case against Wagner and Bell such that Judge O'Connor should dismiss this matter with prejudice. To the extent that Mitchel's claims are *Heck*-barred, he should be permitted to reassert them when the *Heck* conditions are met.

## CONCLUSION

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendants' Motions to Dismiss, ECF Nos. 12 and 14; **DISMISS WITH PREJUDICE** Plaintiff's claims relating to his conviction or imprisonment because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), but permit Plaintiff to reassert them when the conditions under *Heck* are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam). Judge O'Connor should **DENY** Mitchel's Motion for Summary Judgment, ECF No. 24 at 16-23 and 33-40, and **DENY** his Motion for Leave to File and [sic] Amended Complaint, ECF No. 27, to the extent it can be construed as a motion for leave to file an amended complaint and not as a mislabeled response to Defendants' Motions to Dismiss.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed January 9, 2020.

                                                  Hal R. Ray, Jr.
                                                  UNITED STATES MAGISTRATE JUDGE